**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In re:<br><br>Victor M Sosa,<br>    Debtor.<br>U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association<br><br> Movant,<br>v.<br>Victor M Sosa,<br>        Debtor/Respondent,<br>Deanna R. Dimemmo Sosa,<br>        Co-Debtor,<br>KENNETH E. WEST<br>Trustee/Respondent. | Bankruptcy No. 21-11178-mdc<br><br>Chapter 13<br><br>Hearing Date: August 29, 2023<br>Hearing Time: 10:30 A.M.<br>Location: Robert N.C. Nix Sr. Federal Courthouse<br>900 Market Street, Suite 202<br>Philadelphia, PA 19107 |

**MOTION OF FEDERAL HOME LOAN MORTGAGE CORPORATION, AS TRUSTEE FOR THE BENEFIT U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST C/O U.S. BANK TRUST NATIONAL ASSOCIATION, TO FORECLOSE ON 6 N ADAMS AVE, MARGATE CITY, NJ 08402.**

Secured Creditor, consideration U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association Acquisition from Automatic Stay, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301, for a modification of the automatic stay provisions for cause, and, in support thereof, states the

following:

1. Debtor(s), Victor M Sosa , filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on April 28, 2021.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On June 20, 2013, Victor M. Sosa ("Debtor") and Deanna R. Dimemmo Sosa ("Co-Debtor") executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $116,680.00 to Citibank, N.A.. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on June 30, 2013 in Instrument Number 2013047561 of the Public Records of Atlantic County, New Jersey.  A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 6 N ADAMS AVE, MARGATE CITY,NJ 08402 ("the Property").

6. A loan modification was entered into on or about April 24, 2018, creating a new principal balance of $104,678.29. A true and correct copy of the Agreement is attached hereto as Exhibit "C."

7. The loan was lastly assigned to consideration U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association and same was recorded with Atlantic County Recorder of Deeds on November 28, 2022, as Instrument Number 2022063625.  A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D."

8. Based upon the Debtor(s)' First Modified Chapter 13 Plan (Docket No.{83}), Debtor intends to cure Secured Creditor's pre-petition arrearages within the Plan and is responsible for maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the First Modified Chapter 13 Plan is attached hereto as Exhibit "E."

9. Co-Debtor(s), Deanna R. Dimemmo Sosa are liable on and/or has secured the aforementioned debt with the Debtor(s).

10. Upon review of internal records, Debtor has failed to make the monthly post-petition payments of principal, interest, and escrow to Secured Creditor in the amount of $676.98 which came due from March 1, 2023 to July 1, 2023 respectively.

11. Thus, Debtor(s)' post-petition arrearage totaled the sum of $3,363.29 with a total of $21.61 in suspense through July 31, 2023.

12. Upon review of internal records, the current unpaid principal balance due under the loan documents is approximately $98,658.09. Movant's total claim amount, itemized below, is approximately $100,776.62. See Exhibit "F."

| Principal | $98,658.09 |
|---|---|
| Interest (From 02/01/2023 to 07/17/2023) | $1,703.73 |
| Escrow/Impound Required | $645.13 |
| Late Charges Due | $0.00 |
| Fees Currently Assessed | $0.00 |
| Suspense Balance | ($270.33) |
| Total Fees | $40.00 |
| Payoff Funds Required | $100,766.62 |

13. According to the Debtor(s)' schedules, the value of the property is $246,600.00. A true and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "G."

14. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay for "cause" which includes a lack of adequate protection of an

interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) and Co-Debtor stay pursurant to 11 U.S.C § 1301 is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

15. As set forth herein, Debtor has defaulted on the secured obligation having failed to make all monthly post-petition installment payments due to Secured Creditor.

16. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

17. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 to permit U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association for Relief from Automatic Stay to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by

Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: 8/3/23

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Secured Creditor
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Michelle L. McGowan
Michelle L. McGowan, Esquire
PA Bar Number 62414
Email: mimcgowan@raslg.com